ON PETITION EOR REHEARING.
Per Curiam.
The following are the only points made by the petition for rehearing which we think it necessary to notice:
I. It is urged that we were in error on holding that Mr. Walker should have informed the district attorney of the investigation which had been made of the plaintiff’s character, and of the result of the investigation, because it appeared from the Dun report that he had borne a good reputation previous to the investigation, and that report was shown to the district attorney by Walker. The document contains the following in relation to the plaintiff: “He has for some time past, and now is in the employ of D. D. Streator and other railroad contractors, and is well spoken of as to character, habits and business ability.” The foregoing we find in the transcript. The printed abstract, prepared in behalf of the defendant, and which is supposed to set forth everything deemed of importance to him in the case, makes no allusion to it. Ordinarily, so far as an appellant is concerned, we confine ourselves to the statement of his case which he makes in his abstract; but giving the defendant the benefit of the exhibition to the district attorney of the remarks in the Dun report concerning the plaintiff, we do not feel called upon to change the language of our opinion. According to *197 the testimony, the creditors had instituted and conducted an independent inquiry into the plaintiff’s character, and had found for themselves that it was first-class. The statement in the report was quite general and indefinite, but their investigation had led them to a conclusion which was not indefinite. Apparently, while the creditors were considering what steps should be taken in relation to their demands, they had inquired into the plaintiff’s character and found it good. The fact of this investigation, and its result, should have been communicated to the district attorney. There is no evidence that it was, and the neglect is not excused by the submission to him of the Dun report, containing a statement concerning the character of the plaintiff at the time the report was made, which was so inconspicuous that it may or may not have attracted the attention of that officer, and so vague that if he .had observed it he might have considered it unimportant.
II. It is claimed that because the testimony of the plaintiff was contradicted by that of a number of other witnesses, in particulars directly affecting a vital question in the casé, the jury in reaching their verdict must have been influenced by bias, passion or prejudice. The bare fact that the great preponderance of the evidence was on the side of the defendant does not make it manifest that the verdict was induced by any improper motive; and we find nothing else in the record which would justify us in saying that such was the case. If we had been the triers of the facts, our conclusions might have been different from those reached by the jury; but we cannot say, merely because, on paper, the evidence seems to preponderate strongly against the plaintiff, the verdict was wrong, or that bias, passion or prejudice cut any figure in-its rendition. The law makes the jury the sole judges of the credibility of witnesses, and of the weight *198 to be accorded to their testimony ; and for us to assume to disagree with the verdict where' there is any substantial evidence to support it, would be to attempt the exercise of an authority with which the law has not clothed us.
The petition for a rehearing will be denied.